### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Paul McGrath

    v.                                     Civil No. 14-cv-353-JD

Warden, New Hampshire State Prison[1]


### REPORT AND RECOMMENDATION

Before the court is an addendum (doc. no. 33) to the petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Paul McGrath, and McGrath's "Motion to Bar and Preclude" (doc. no. 36), which seeks to bar respondent from filing an answer and asserting defenses to the petition.

### I.   Preliminary Review of Petition Addendum (Doc. No. 33)

Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rules") and LR 4.3(d)(4), the court examines the claims asserted in petitions filed under 28 U.S.C. § 2254, to determine whether the claims are facially valid and may proceed.  The addendum at issue (originally docketed as Document No. 33) includes three types of claims that should be dismissed, pursuant to § 2254 Rule 4 and LR 4.3(d)(4).  First, McGrath seeks federal habeas relief for alleged violations of

---

[1]McGrath has recently been transferred to the New Hampshire State Prison ("NHSP").  The NHSP Warden is the proper respondent to this action at this time.

his state constitutional rights.  Such claims should be dismissed, as they do not allege that McGrath is in custody in violation of any federal law.  See 28 U.S.C. §§ 2241(c)(3), 2254(a).

Second, McGrath includes a passing reference to the Eighth Amendment in listing the federal and state constitutional provisions he claims were violated in his case.  The record before this court, however, fails to state any facts suggesting how McGrath's Eighth Amendment rights may have been violated in a manner that could warrant relief in this case.  Accordingly, the nonspecific reference to the Eighth Amendment, to the extent it is intended to state a claim, should be dismissed as insufficiently stated.  Cf. § 2254 Rule 2(c)(2) (petition must "state the facts supporting each ground").

Third, the claim identified as Claim 9 in the Order issued this date, should be dismissed.  Claim 9 asserts that Epsom Police Department ("EPD") Officer Cruz violated McGrath's due process rights, in failing to investigate the charges against McGrath beyond interviewing the victim.  Such a claim, without more, does not show that McGrath is currently in custody in violation of his federal rights, where McGrath is serving a sentence imposed after a jury trial, in which McGrath was found to be guilty.  Accordingly, McGrath's due process claim against

the officer should be dismissed, as it does not provide a facially valid ground for granting federal habeas relief.

**II.** **Motion to Bar and Preclude (Doc. No. 36)**

McGrath asserts that respondent should be barred from raising defenses and filing an answer because the respondent did not file a LR 7.4 motion or statement by January 19, 2016.  The district judge should deny McGrath's motion, as the Order issued this date sua sponte extends the respondent's LR 7.4 deadline until sixty days after respondent serves an answer to Document No. 33.


**Conclusion**

For the foregoing reasons, the magistrate judge recommends as follows:

1.   The district judge should deny McGrath's "Motion to Bar and Preclude" (doc. no. 36);

2.   With respect to the Petition Addendum originally docketed as Document No. 33, the district judge should dismiss McGrath's nonspecific Eighth Amendment claim, the claims based on state constitutional provisions, and the due process claim identified in this case as Claim 9, which asserts that EPD Officer Cruz violated McGrath's due process rights by inadequately investigating the charges

against McGrath.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

Andrea K. Johnstone
United States Magistrate Judge

February 4, 2016

cc:  Paul McGrath, pro se
     Elizabeth Woodcock, Esq.